

PAUL D. ACKERMAN
Partner
(212) 415-9372
FAX (212) 953-7201
ackerman.paul@dorsey.com

March 6, 2012

**VIA ECF AND FEDERAL EXPRESS**

Honorable Magistrate Gary R. Brown
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722-4438

  Re: **KMC Exim Corp. v. Pacific World Corp.**
     **Case No. 1:11-cv-00225 (LDW)(EIB)**

Dear Judge Brown:

  We are counsel for KMC Exim Corporation ("KMC"), the plaintiff in the above-captioned action.

  KMC respectfully requests leave to take three depositions of Pacific World Corporation ("PWC") witnesses after the close of fact discovery, currently set for March 16, 2012. The requested depositions were each timely-noticed by KMC, but scheduling conflicts among counsel and the witnesses have precluded scheduling these depositions prior to the close of fact discovery. Based on mutually acceptable dates for these depositions agreed to by counsel and the witnesses, these depositions can be completed on or before March 30, 2012.

  PWC has also informed KMC's counsel that it intends to subpoena the president of third party Kiss Products Inc. ("Kiss") pending the evaluation of the Rule 30(b)(6) deposition of Kiss scheduled for March 7, 2012. Counsel for KMC, who is also representing third party Kiss in this matter, has indicated to PWC that Kiss will likely move to quash a subpoena for such deposition. Should the court order the deposition to proceed over Kiss' motion to quash, however, KMC agreed that it will not oppose the deposition on the basis of it occurring outside of the close of fact discovery and on a date at which the deponent would be available and is agreeable to counsel. Every effort will be made for the witness to be available for the deposition and the deposition to be taken on or before March 30, 2012, should the deposition proceed. PWC consents to this request in view of such agreement.



Honorable Magistrate Gary R. Brown
March 6, 2012
Page 2

      In an order dated January 9, 2012 (Docket Index 19), the Court extended the fact discovery period for 45 days, through March 16, 2012, to allow for continued settlement discussions. Settlement discussions remain ongoing, but the parties are also continuing with their respective discovery obligations in the event that settlement discussions are not fruitful. The parties are scheduled to complete all but the four depositions within the fact discovery period. Despite diligent efforts by counsel to identify dates prior to March 16, 2012 that were mutually acceptable to counsel and the remaining witnesses, the parties were unable to do so.

      No other dates scheduled in this matter will be impacted by this request.

      Respectfully submitted,

      */s/ Paul Ackerman*

      Paul D. Ackerman

cc: Counsel of record *via* ECF

DORSEY & WHITNEY LLP